```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                JACKSONVILLE DIVISION
```

JEROME BURGESS a/k/a,
SHAM'LA GOD ALLAH

      Petitioner,

v.                          CASE NO. 3:04-cv-149-J-99HTS

JAMES R. MCDONOUGH, et al.,

      Respondents.
_____/

## SUPPLEMENTAL RESPONSE ADDRESSING GROUND NINE/MOTION TO DISMISS DUE TO PENDING STATE COURT PROCEEDINGS

     COMES NOW the Respondents, James R. McDonough, et. al, by and through the undersigned counsel, pursuant to this Court's order of November 15, 2006, and hereby responds to ground nine as well as moves this Court to dismiss the instant federal habeas petition. As grounds therefore, Respondents state:

    1.   Petitioner was tried and found guilty of robbery with a weapon as a principal under section 812.13(1)&(2)(b), Florida Statutes (2000), with the offense having been committed on January 25, 2001.  The information charged robbery with a weapon and alleged that the weapon used was a firearm.  (Doc 11, App. A p. 1)

    2.   Petitioner was found to be a Prison Releasee Reoffender pursuant to section 775.082(9)(a)1, Florida Statutes (2000), and was sentenced to life imprisonment.  He

     appealed to the Florida Fifth District Court of Appeal and argued that the trial court erred in sentencing him as a Prison Releasee Reoffender to life imprisonment for an offense which was punishable by only 30 years pursuant to state statute. (Doc. 11, App. B) The State argued that Burgess failed to preserve the argument that the sentence was in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he did not argue an *Apprendi* violation below. The State also, however, acknowledged that the 30 year sentence did not comport with sections 812.13(2)(b) and 775.082(9)(a), Florida Statutes. The Florida Fifth District Court of Appeal affirmed. (Doc. 11, App. D)

3.   Petitioner again raised the issue in his Florida Rule of Criminal Procedure 3.800 Motion to Correct Illegal Sentence. (Doc. 11, App. F) Again, the Fifth District Court of Appeal affirmed after the State acknowledged the state statutes but argued law of the case based on *State v. McBride*, 848 So.2d 287 (Fla. 2003). (Doc. 11, App. K, N)

## GROUND NINE

Petitioner alleges that his sentence is illegal because he was sentenced to life imprisonment for a first degree felony. He does not allege any due process violation or any other deprivation of a

federal constitutional right.  As argued on direct appeal, Petitioner did not preserve an *Apprendi* issue, it was affirmed on appeal and therefore he is procedurally barred from proceeding on that on federal habeas review.  *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990).

Clearly, the trial court was sentencing Petitioner based on the firearm rather than the weapon.  Robbery with a firearm is a first degree felony punishable by up to life imprisonment while robbery with a weapon is a first degree felony punishable by 30 years. §812.13(2)(a) & (b), F.S. (2000).  Although the information charged robbery with a weapon and referred to that particular statute number, the firearm was specifically alleged in the information, Petitioner was therefore on notice of such and the trial court appropriately sentenced him for a first degree felony punishable by life.  (Doc. 11, App. A p. 1)

In addition, the jury verdict found Petitioner guilty "as charged" in the information.  (Doc. 11, App. A p. 157) The information specifically referred to the firearm.  In *State v. Iseley*, 31 Fla. L. Weekly S697 (Fla. October 26, 2006), the Florida Supreme Court upheld an enhancement based on a firearm because the jury found Iseley guilty of aggravated assault with a firearm "as charged in the information" where it was consistent with the language of the information and the evidence adduced at trial. The court noted that their review of the record established that the

3

only deadly weapon involved in the case was a firearm referenced in the information and that there was no dispute that the weapon met the definition of a firearm.  Similarly, in the instant case, there was no dispute that the only weapons involved were firearms, it was specifically referenced in the information and it was supported by the evidence at trial.  (Doc. 11, App. A, trial transcript p. 42-46, 57-66, 85, 87, 116-117, 119-121, 129, 149-151, 164-166)  The jury was also instructed that if they found that he carried a firearm in the course of committing the robbery, they should find him guilty of robbery with a weapon, and if they found he carried no weapon or firearm they should find him guilty of only robbery. (Doc. 11, App. A150)

A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir 1982); *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988).  The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a constitutional mandate.  *McCoy v. Newsome*, 953 F.2d 1252, 1264 (11th Cir.), *cert. denied*, 112 S.Ct. 2283 (1992).  The state court was interpreting state statutes and rules in the instant case by sentencing Petitioner for a first degree felony punishable by life rather than a first degree felony.

Petitioner has not presented a federal question.

MOTION TO DISMISS

On June 8, 2005, Petitioner filed a Florida Rule of Criminal Procedure 3.850 Motion for Postconviction Relief raising two issues: 1) newly discovered evidence based on an affidavit from a co-defendant, and 2) state withheld favorable evidence that a co-defendant admitted stealing the same firearms that were used in the robbery.  (App. I, p. 1-11)[1] The state court denied the second claim, had an evidentiary hearing on the first claim and then denied the first claim.  (App. I, p. 21-22, 67-69)  Petitioner appealed to the Florida Fifth District Court of Appeal and the appeal is currently pending.  (App. I, p. 70, 80)

The second claim of Petitioner's pending 3.850 motion, that the state withheld favorable evidence that a co-defendant admitted stealing the same firearms that were used in the robbery, is being raised in the instant federal habeas petition as an ineffective assistance of counsel claim.  (Second Amended Petition, ground 6) The principals of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously pursue their appeal in Florida state court and their section 2254 petitions in federal court.  *Horowitz v. Wainwright*, 709 F.2d 1403 (11th Cir. 1983).  In the instant case,

---

[1] (App.   ) refers to the appendix to be filed under separate cover and sent by U.S. Mail.

this Court has already warned Petitioner about his "piecemeal" presentation of claims. (Doc. 33) Petitioner continues to abuse the process by his continuous filings in state court while his federal habeas is pending. The instant petition should be dismissed while he pursues claims in state court.

                Respectfully submitted,

                CHARLES J. CRIST, JR.
                ATTORNEY GENERAL

                s/ Robin A. Compton
                ROBIN A. COMPTON
                ASSISTANT ATTORNEY GENERAL
                Fla. Bar #846864
                444 Seabreeze Boulevard
                Fifth Floor
                Daytona Beach, FL  32118
                (386) 238-4990
                Fax (386) 238-4997

                COUNSEL FOR RESPONDENTS

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 11, 2006, I electronically filed the foregoing Notification/Response with the Clerk of the Court by using the CM/ECF system. I further certify that I also mailed a copy of the foregoing document and notice of electronic filing on the same date by first-class mail to Jerome Burgess, DOC# 990922, Dade Correctional Institution, 19000 S.W. 377 Street, Florida City, FL, 33034.

                s/ Robin A. Compton
                Robin A. Compton
                Assistant Attorney General