UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEROME BURGESS a/k/a,
SHAM'LA GOD ALLAH

      Petitioner,

v.                           CASE NO. 3:04-cv-149-J-32HTS

JAMES R. MCDONOUGH, et al.,

      Respondents.
_____/

### SUPPLEMENTAL BRIEF ADDRESSING GROUND NINE

COMES NOW the Respondents, James R. McDonough, et. al, by and through the undersigned counsel, pursuant to this Court's order of January 29, 2007, (Doc. 50) and hereby responds to ground nine:

1. Petitioner was tried and found guilty of robbery with a weapon as a principal under section 812.13(1)&(2)(b), Florida Statutes (2000), with the offense having been committed on January 25, 2001. The information charged robbery with a weapon and alleged that the weapon used was a firearm. (Doc 11, App. A p. 1)

2. Petitioner was found to be a Prison Releasee Reoffender pursuant to section 775.082(9)(a)1, Florida Statutes (2000), and was sentenced to life imprisonment. He appealed to the Florida Fifth District Court of Appeal and argued that the trial court erred in sentencing him

       as a Prison Releasee Reoffender to life imprisonment for an offense which was punishable by only 30 years pursuant to state statute. (Doc. 11, App. B) The State argued that Burgess failed to preserve the argument that the sentence was in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he did not argue an *Apprendi* violation below. The State also, however, acknowledged that the 30 year sentence did not comport with sections 812.13(2)(b) and 775.082(9)(a), Florida Statutes. The Florida Fifth District Court of Appeal affirmed. (Doc. 11, App. D)

3.   Petitioner again raised the issue in his Florida Rule of Criminal Procedure 3.800 Motion to Correct Illegal Sentence. (Doc. 11, App. F) Again, the Fifth District Court of Appeal affirmed after the State acknowledged the state statutes but argued law of the case based on *State v. McBride*, 848 So.2d 287 (Fla. 2003). (Doc. 11, App. K, N) The issue was also raised as an ineffective assistance of counsel claim.

## GROUND NINE

In Petitioner's Supplemental Brief Concerning Ground Nine of the Second Amended Petition, he alleges that he was denied due process of law and trial by jury. In his Second Amended Petition, Petitioner simply alleged that his sentence was illegal because he

2

was sentenced to life imprisonment for a first degree felony.  He did not allege any due process violation or any other deprivation of a federal constitutional right **in his petition**.  He does allege a due process violation in his memorandum of law.

Petitioner has not framed the instant issue as a violation of *Apprendi* in his federal habeas petition, because he never objected to it in state court as an *Apprendi* violation although that is exactly what he is arguing.  ("The verdict in the Petitioner's trial does not constitute the requisite "clear jury finding" by either special verdict form with respect to the firearm issue or 'the inclusion of a reference to a firearm' in the identification on the verdict form of the offense of conviction." Doc. 55, p. 3) Petitioner also argues that the issue has been exhausted because it was raised on direct appeal, in a motion to correct illegal sentence and in a postconviction motion. (Doc. 55, n.1)  As a due process violation, the issue was not exhausted until September 5, 2006, when the Florida Fifth District Court of Appeal denied his umpteenth Motion to Correct Illegal Sentence.  (App. I, IV)[1]  As an *Apprendi* issue, it is procedurally barred.

---

[1] (App. ) refers to the attached supplemental appendix. Petitioner did not even have a due process claim in state court until April 13, 2006, which was 10 months *after* he filed his second amended federal habeas petition.  At the time he filed the instant petition, his due process claim had not been exhausted. Respondents continually have had to adjust their argument to fit into Petitioner's piecemeal litigation.  Currently, the claim is exhausted.

Both the Florida Supreme Court and the United States Supreme Court have rejected unpreserved *Apprendi* claims. *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *Hughes v. State*, 901 So. 2d 837 (Fla. 2005); *McGregor v. State*, 789 So.2d 976, 977 (Fla. 2001). Petitioner presented his *Apprendi* argument on direct appeal, it was affirmed and therefore he is procedurally barred from proceeding on that on federal habeas review. *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990).

Even if it is not an *Apprendi* issue, clearly, the trial court enhanced the sentence based on the firearm. The plight of a defendant who is serving a sentence that was enhanced because a judge decided the factors is not necessarily any more severe than that of an equally-situated defendant whose sentence was enhanced as a result of a jury finding the determined factors. *Hughes, supra*. The error, if any, did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. The real threat to the proceedings would be if Petitioner, despite the overwhelming and uncontroverted evidence that he was heavily involved in an armed robbery *with a firearm*, was to receive a sentence prescribed for committing a less substantial offense because of an error that was never objected to at trial. There was never any *Apprendi* objection that the firearm enhancement was imposed without having been submitted to the jury and Petitioner is entitled to no relief.

Robbery with a firearm is a first degree felony punishable by up to life imprisonment while robbery with a weapon is a first degree felony punishable by 30 years. §812.13(2)(a) & (b), F.S. (2000). Although the information charged robbery with a weapon and referred to that particular statute number, the firearm was specifically alleged in the information, Petitioner was therefore on notice of such and the trial court appropriately sentenced him for a first degree felony punishable by life. (Doc. 11, App. A p. 1)

In addition, the jury verdict found Petitioner guilty "as charged" in the information. (Doc. 11, App. A p. 157) The jury had been instructed that if they found that he carried a **firearm** in the course of committing the robbery, they should find him guilty of robbery with a weapon, and if they found he carried no weapon or firearm they should find him guilty of only robbery. (Doc. 11, App. A150) The information specifically referred to the firearm. In *State v. Iseley*, 31 Fla. L. Weekly S697 (Fla. October 26, 2006), the Florida Supreme Court upheld an enhancement based on a firearm because the jury found Iseley guilty of aggravated assault with a firearm "as charged in the information" where it was consistent with the language of the information and the evidence adduced at trial. The court noted that their review of the record established that the only deadly weapon involved in the case was a firearm referenced in the information and that there was no dispute that

5

the weapon met the definition of a firearm.  Similarly, in the instant case, there was no dispute that the only weapons involved were firearms, it was specifically referenced in the information and it was supported by the evidence at trial.  (Doc. 11, App. A, trial transcript p. 42-46, 57-66, 85, 87, 116-117, 119-121, 129, 149-151, 164-166) Petitioner's defense at trial was that he had no knowledge that a robbery was taking place, not that there were no firearms.  Whether a firearm was used was not a disputed issue.  Clearly, the jury found him guilty of the robbery with a weapon and the weapon was a firearm.  Robbery with a firearm is punishable by a term of years not exceeding life.  812.13(2)(a).  Any error is harmless.  *Washington v. Recuenco*, 126 S.Ct. 2546 (2006); *Galindez v. State*, 32 Fla. L. Weekly S89 (Fla. February 15, 2007).

A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir 1982); *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988).  The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a constitutional mandate.  *McCoy v. Newsome*, 953 F.2d 1252, 1264 (11th Cir.), *cert. denied*, 112 S.Ct. 2283 (1992).  The state court was interpreting state statutes and rules in the instant case by sentencing Petitioner for a first

degree felony punishable by life rather than a first degree felony. Petitioner has not presented a federal question.

                                        Respectfully submitted,

                                        BILL McCOLLUM
                                        ATTORNEY GENERAL

                                        s/ Robin A. Compton
                                        ROBIN A. COMPTON
                                        ASSISTANT ATTORNEY GENERAL
                                        Fla. Bar #846864
                                        444 Seabreeze Boulevard
                                        Fifth Floor
                                        Daytona Beach, FL  32118
                                        (386) 238-4990
                                        Fax (386) 238-4997

                                        COUNSEL FOR RESPONDENTS

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 21, 2007, I electronically filed the foregoing Notification/Response with the Clerk of the Court by using the CM/ECF system.  I further certify that I also mailed a copy of the foregoing document and notice of electronic filing on the same date by first-class mail to Jerome Burgess, DOC# 990922, Florida State Prison, 7819 N.W. 228th Street, Raiford, FL, 32026.

                                        s/ Robin A. Compton
                                        Robin A. Compton
                                        Assistant Attorney General

```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 JACKSONVILLE DIVISION


JEROME BURGESS a/k/a
SHAM'LA GOD ALLAH,

       Petitioner,

v.                               CASE NO. 3:04-cv-149-J-32HTS

JAMES R. MCDONOUGH, et al.,

       Respondents.
_____/




                              APPENDIX




                              BILL McCOLLUM
                              ATTORNEY GENERAL

                              ROBIN A. COMPTON
                              ASSISTANT ATTORNEY GENERAL
                              Fla. Bar #0846864
                              444 Seabreeze Blvd.
                              5th Floor
                              Daytona Beach, FL 32118
                              (386) 238-4990
                              FAX (386)238-4997


                              COUNSEL FOR RESPONDENTS
```

<u>INDEX TO APPENDIX</u>

```
FIFTH DCA DECISION          . . . . . . . . . . . . . . . . . . . . . I
NOTICE OF APPEAL            . . . . . . . . . . . . . . . . . . . .  II
ORDER ON MOTION TO CORRECT SENTENCE . . . . . . . . . . . . . . .  III
MOTION TO CORRECT SENTENCE  . . . . . . . . . . . . . . . . . . .   IV
```