UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEROME BURGESS a/k/a
SHAM'LA GOD ALLAH,

      Petitioner,

v.                              CASE NO. 3:04-cv-149-J-32HTS

JAMES R. MCDONOUGH, et al.,

      Respondents.
_____/

APPENDIX

BILL McCOLLUM
ATTORNEY GENERAL

ROBIN A. COMPTON
ASSISTANT ATTORNEY GENERAL
Fla. Bar #0846864
444 Seabreeze Blvd.
5th Floor
Daytona Beach, FL 32118
(386) 238-4990
FAX (386)238-4997

COUNSEL FOR RESPONDENTS

## INDEX TO APPENDIX

FIFTH DCA DECISION . . . . . . . . . . . . . . . . . . . . . I

NOTICE OF APPEAL . . . . . . . . . . . . . . . . . . . . . II

ORDER ON MOTION TO CORRECT SENTENCE . . . . . . . . . . . . III

MOTION TO CORRECT SENTENCE . . . . . . . . . . . . . . . . IV

# I

L06-1-20838

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT                                              JULY TERM 2006

NOT FINAL UNTIL THE TIME EXPIRES
TO FILE REHEARING MOTION, AND,
IF FILED, DISPOSED OF.

JEROME BURGESS,

    Appellant,

v.                                                          Case No. 5D06-2260

STATE OF FLORIDA,                                           CF01-488

    Appellee.

_____/

Decision filed   September 5, 2006

3.800 Appeal from the Circuit
Court for St. Johns County,
J. Michael Traynor, Judge.

Jerome Burgess, Okeechobee, pro se.

No Appearance for Appellee.


PER CURIAM.

    AFFIRMED.

PALMER, ORFINGER and LAWSON, JJ., concur.

# II

IN THE CIRCUIT COURT FOR SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHN'S COUNTY, FLORIDA...

CASE NO: 01-488

STATE OF FLORIDA

VS.

JEROME BURGESS
       DEFENDANT

CIRCUIT MINUTE 315 PAGE 878

2006 JUN 20 PM 4:46
CHERYL STRICKLAND
CLERK OF CIR CT
ST. JOHNS CO
FILE

## NOTICE OF APPEAL

Notice is given that the defendant, JEROME BURGESS appeals to the District Court of Appeal for the Fifth DCA, the final judgment of this Court date MAY 16, 2006.

The nature of the order appealed is the denial of defendants 3.800 (A). Motion to Correct Illegal Sentence.

Dated this 9th day of June 2006

SUBMITTED BY

Jerome Burgess

3955 LEWIS SPEEDWAY
ST. AUGUSTINE, FL
32084

CERTIFICATE OF SERVICE

I hereby certify that a copy has been furnished to the Fifth DCA and the Attorney General at 444 Seabreeze Daytona Bch FLA this 12th day of June 2006

/s/ Jerome Burgess

Paper No 346  Case No 01060488CF



CIR CT MINUTE 314 PAGE 153

IN THE CIRCUIT COURT, SEVENTH
JUDICIAL CIRCUIT, IN AND FOR
ST. JOHNS COUNTY, FLORIDA.

CASE NO.: CF01-488
DIVISION: 56

STATE OF FLORIDA,
    Plaintiff,

vs.

JEROME BURGESS,
    Defendant.
_____/



2006 MAY 17 AM 10:28 FILED

## ORDER ON MOTION TO CORRECT SENTENCE

THIS CAUSE came before the Court on the Defendant's Motion to Correct Sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The Court has reviewed and considered the Motion, and being otherwise fully advised in the premises finds as follows:

The Defendant has previously raised the instant issue with this Court. See Exhibit 'A.' The Court entered an order on the Defendant's previous Motion, Exhibit 'B,' and the Court's Order was per curium affirmed by the Fifth District Court of Appeals, Exhibit 'C.' Thus, the law of the case doctrine precludes the Defendant from re-raising this issue which has been decided and reviewed.

**Therefore**, it is:
**ORDERED AND ADJUDGED** that:

1.) The Motion is DENIED.

**DONE AND ORDERED** in Chambers, in St. Johns County, St. Augustine, Florida, this 16th day of May, 2006.

                                              J. MICHAEL TRAYNOR
                                              Circuit Court Judge

1

Paper No. 327  Case No. 01000488 CF

CIR CT MINUTE 314 PAGE 154

Copies To: 5/17/06 KN

State Attorney

Jerome Burgess
3955 Lewis Speedway
St. Augustine, FL 32084

2

In The Circuit Court of the Seventh Judicial Circuit In and For St. Johns County, Florida

OR CT 314 PAGE 155

STATE OF FLORIDA

VS.

Jerome Burgess
(A.K.A)
Sham'La God Allah
Defendant

CASE No: 01-488

EXHIBIT "___A___"

Judge Mathis

2003 MAY -2 PM
CLERK OF CIRCUIT COURT
ST. JOHNS COUNTY FL

## MOTION TO CORRECT SENTENCE

Comes Now, Jerome Burgess (aka) Sham'La God Allah, the Defendant, pursuant to FLA. R. CR. P., 3.800 (a), and moves this Court for an Order Correcting his Sentence. As grounds for this Motion the Defendant alleges:

On July 18, 2001, the defendant was found guilty as charged by a Jury of six, of One Count of "Principal to ROBBERY WITH WEAPON (812.13(2)(B)); 777.011. At the defendant Sentencing Hearing the State seek to have the defendant sentence as a "Prison Releasee Reoffender" Pursuant to "775.082 (8)(A)(1)". The State offered No other Requested enhancements but (PRR) and asked the Circuit Courts to sentence the defendant to a Life Sentence, according to "775.082 (8)(A)(1) (PRR). The Court consider No other evidence, Nor did they comment on any other

√

Paper No 226 Case No CF-01-488

514

enhancements, and did as asked by the State and PRONOUNCED the sentence and sentenced the defendant to a NATURAL Life sentence under "775.082(9)(A)(1)". The defendant objected to the PRONOUNCED sentence and informed the Circuit Courts that sentencing the Defendant to a Life sentence SUPERSEDED the STATUTORY MAXIMUM. The Courts disregarded this objection to the sentence and Proceeded with sentence. According to "812.13(2)(B)" Robbery with a Weapon; "If in the course of Committing the Robbery the offender carried a weapon, then the Robbery is a felony of the first degree, Punishable as Provide in S. 775.082 s. 775.083, s. 775.084"

775.082, (PRR) is what the State Pursued this is allowable under the Robbery Statute, as long as the State Present Preponderance of evidence that the defendant fits the Criteria of a "PRR". By "812.13 (2)(B)" being that of a first degree felony the Courts must utilize 775.082 (3)(B) as a guide for sentencing a "PRR" convicted of a first degree felony, which is Not a "PBL" According to 775.082 (X)(A)(B), states for a felony of the first degree, By a term of imprisonment of 30 YEARS; By the Courts sentencing the defendant to a Life sentence with NO other enhancements makes his sentence illegal and it Constitute a fundamental ??? with in the defendant sentence (T.T. p.g(s) 8-10)

The Courts decision to disregard the defendants objection was error and sentencing the defendant to life pursuant to 775.082 (9)(A)(1) PRR is patently erroneous when the state offered no other enhancement and only charged a first degree felony of Robbery with a Weapon 812.3.(2)(B)" Partridge VS. State 680 SD. 2d 543. Clemons Vs. State 473 SD. 2d 271. Therefore, by the Courts Superseded the Statutory Maximum allowed by law. the defendant sentence should be vacated and a New Sentence Hearing should be granted and the defendant should be sentence to No more then 30 yrs maximum

Respectfully Submitted
Jerome Burgess aka Sham'La Allah
Jerome Burgess aka Sham'La Allah
7819 N.W. 228Th Street
Raiford, FLA 32026

516

CIR CT MINUTE 314 PAGE 158
CIR CT MINUTE 272 PAGE 726

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA

STATE OF FLORIDA

CASE NO.: CF 01-488

VS.

DIVISION: 56

JEROME BURGESS,
    Defendant.
_____/

### ORDER ON MOTION TO CORRECT AN ILLEGAL SENTENCE

**THIS CAUSE** came on to be heard upon the Defendant's motion to correct an illegal sentence. The Court has considered the motion, finds it is totally without merit. The Defendant was convicted of a felony, punishable by life. The Defendant was sentenced, as a prison releasee reoffender, to life, based on his prior record, the date of his release from incarceration, and the facts of this case. The sentence was lawful.

It is therefore:

**ORDERED AND ADJUDGED** that the motion to correct an illegal sentence is denied.

**DONE AND ORDERED** at St. Augustine, St. Johns County, Florida, this 20 day of May, 2003.

ROBERT K. MATHIS, CIRCUIT JUDGE

Copies to:
State Attorney

Jerome Burgess, #990922
7819 NW 228th Street
Raiford, Florida 32026

EXHIBIT " B "

Paper No 227  Case No CF01-488
513

CIR CT MINUTE 314 PAGE 159

IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT                                    JANUARY TERM 2004

NOT FINAL UNTIL THE TIME EXPIRES
TO FILE REHEARING MOTION, AND,
IF FILED, DISPOSED OF.

JEROME BURGESS,

    Appellant,

v.                                                CASE NO. 5D04-635

STATE OF FLORIDA,

    Appellee.

_____/

Decision filed   March 23, 2004

Appeal from the Circuit Court
for St. Johns County,
Robert K. Mathis, Judge.

Jerome Burgess, Raiford, pro se.

No appearance for Appellee.

PER CURIAM.

    AFFIRMED.

RECEIVED MAR 23 2004

SAWAYA, C.J., PETERSON and PLEUS, JJ., concur.

Paper No 259   Case No C701-488

# IV

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL
CIRCUIT IN AND FOR ST. JOHN'S COUNTY FLORIDA

STATE OF FLORIDA

VS.

**RECEIVED**

CASE NO: 01-0488

JEROME BURGESS
defendant

## MOTION TO CORRECT SENTENCE
### (3.800)

Comes now, Jerome Burgess, the defendant, PRO SE, Pursuant to FLA. rules of Criminal Procedure 3.800 (A) moves this Honorable Courts to correct this illegal sentence, and would submit the following reasons why this Motion should be granted:

## STATEMENT OF CASE

The defendant was charged with one count of **ROBBERY W/A WEAPON (812.13(1) and (2)B)**. The defendant utilize his Constitutional rights and seek a Jury Trial. The JURY found the defendant guilty as charged, and the Trial Courts sentenced the defendant to a Natural LIFE sentence Pursuant to **775.082 (9)A(1) "PRISON RELEASEE REOFFENDER ACT"**.

Over the objection of the defendant was argued that the Trial Courts **superceded** the Statutory maximum sentence allowed which was **30** yrs. The Courts noted this objection and proceeded with sentencing. The defendant appealed his judgment and sentence to the 5" DCA, who PCA'ed, the defendants appeal.

-1- Paper No. 326 Case No. 01000488CF

GROUND ONE: TRIAL COURT VIOLATED THE DEFENDANT'S RIGHTS TO DUE PROCESS WHEN THEY ERRONEOUSLY ENHANCED THE DEFENDANT'S SENTENCE BEYOND THE STATUTORY MAXIMUM, WHILE APPLYING A SENTENCE PURSUANT TO THE PRISON RELEASEE REOFFENDER ACT:

The defendant was found guilty of one count of ROBBERY W/A WEAPON 812.13(2)B. ROBBERY W/A WEAPON is a 1st degree felony. The ROBBERY W/A WEAPON statue does not have a statutory punishment guideline within it's statue, but mentions which statues to use when applying a punishment.

According to 812.13(2)B(2001), IF in the course of committing a ROBBERY a WEAPON was carried then the robbery is a felony of the 1st degree Punishable as provided in s. 775.082, 775.083, 775.084.

Since ROBBERY W/A WEAPON doesn't possess a Punishment guideline within it's statue we must look at the Penalty Statue which is 775.082 (2000)

According to 775.082(3)B (2001) a felony of the first degree should be punished by a term of years not exceeding 30 yrs.

During the defendant's sentencing hearing the STATE seeked to have the defendant sentence pursuant to the "PRISON RELEASEE REOFFENDER act". The Trial Courts agreed to sentence the defendant pursuant to the PRR act and rendered the defendant a LIFE sentence,

-2-

According to 775.082(9)A(1)(3)B (2001), IF the STATE shows by a Preponderance of evidence that a defendant is a Prison Releasee Reoffender defined by this section then such a defendant is not eligible for sentencing under a guideline, and must be sentence as followed;

(B) For a felony of the First Degree by a term of imprisonment of 30 years.

It's clear by the ROBBERY statue and PRR statue that a first degree Robbery W/A WEAPON maximum if a PRR sentencing statue is applied is 30 yrs. The Trial Court erred when sentencing the defendant to a term of LIFE IMPrisonment when applying the PRR act. This error denied the defendant's rights to DUE PROCESS, because a Life sentence enhances the defendants sentence beyond the statutory maximum.

The Trial Courts error clearly was harmful and can be found in the face of the Record, without any other Records being used. A Life sentence for a crime that carries a maximum of 30 yrs makes the defendants sentence illegal, and Patently erroneous, and therefore must be vacated. A sentence pursuant to the applicable guideline should be rendered, because it's clear that the sentence hand down violated this STATUE.

-3-

Wherefore the defendant prays this Court vacate his sentence and sentence him pursuant the applicable guideline sentence or to whatever sentence the Courts see's fit.

/s/ Jerome Burgess
JEROME BURGESS
3955 LEWIS SPEEDWAY
ST. AUGUSTINE FL 3208

Certificate of Service

I hereby certify that a true and correct copy has been furnished to this Court and the STATE ATTORNEY OFFICE at 4010 LEWIS SPEEDWAY, VIA U.S. MAIL on this day 13th of APRIL 2006.

/s/ Jerome Burgess
JEROME BURGESS

-4-